IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-58-RJC

| | |
|---|---|
| MANUEL C. BENITEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOYCE KORNEGAY, Sup't, ) | |
| Warren Correctional Inst., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the court on Respondent's Motion to Dismiss on Statute of Limitations Grounds before Requiring a Full Response to the Merits of Petitioner's Claims (Doc. No. 6).

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who, on September 25, 2007, in Mecklenburg County Superior Court, the Honorable Yvonne Mims Evans presiding, pled guilty to three counts of trafficking in cocaine. (Doc. No. 7-1). Judge Evans consolidated Petitioner's convictions and sentenced him to a term of 175 to 219 months' imprisonment. (Id.). Petitioner was represented by Wilfred Nwauwa. (Id.). Petitioner did not appeal. On or about May 27, 2008, Petitioner filed a pro se motion for appropriate relief (MAR) in Mecklenburg County Superior Court. (Doc. No. 7-2). On September 2, 2008, the Honorable Robert P. Johnston denied the MAR. (Doc. No. 7-3).

On October 9, 2008, Petitioner filed a petition for writ of certiorari in the North Carolina

Court of Appeals. (Doc. No. 7-4). In its response to the petition, the State argued that Petitioner did not properly file the petition because he did not attach necessary documents for the court's consideration. (Doc. No. 7-5). On October 24, 2008, the North Carolina Court of Appeals dismissed Petitioner's certiorari petition. (Doc. No. 7-6). On January 23, 2009, Petitioner filed a § 2254 petition (the first § 2254 petition) in this Court. Benitez v. Keller, No. 3:09-cv-30-GCM, Doc. No. 10, at 1 (W.D.N.C. Apr. 1, 2009) (appearing in this case's docket as Doc. No. 7-7). On April 1, 2009, this Court dismissed Petitioner's first § 2254 petition as nonexhausted. Benitez v. Keller, No. 3:09-CV-30-3-MU, Doc. No. 10, at 4. The Court specifically cautioned Petitioner to be mindful of the one-year period of limitations if he wished to refile his § 2254 petition. Id. at 4 n.2.

In the interim, on March 12, 2009, Petitioner filed another petition for a writ of certiorari review in the North Carolina Court of Appeals, this time attaching the necessary documents. (Doc. No. 7-8; State's Resp. Doc. No. 7-9). On March 24, 2009, the North Carolina Court of Appeals denied Petitioner's second certiorari petition. (Doc. No. 7-10). On November 10, 2010, Petitioner filed a third petition for writ of certiorari in the North Carolina Court of Appeals. (Doc. No. 7-11; State's Resp. at Doc. No. 7-12). On November 29, 2010, the North Carolina Court of Appeals denied Petitioner's third certiorari petition. (Doc. No. 7-13). In each of his three certiorari petitions, Petitioner raised the same set of issues, all challenging the trial court's order denying his MAR.

On or about January 18, 2011, Petitioner mailed a second § 2254 petition to the United States District Court for the Eastern District of North Carolina, which transferred the action to this Court.[1] See (Doc. No. 1-1). The petition was file-stamped in this court on February 1, 2011. (Doc. No. 1).

---

[1] Petitioner has not indicated the date on which he placed the petition in the prison mail system. Generally, a prisoner's filing is considered filed when handed over to prison authorities. Houston v. Lack, 487 U.S. 266, 276 (1988). Because the second petition was file-stamped in the Eastern District on January 18, 2011, the Court will use that date for the purpose of its statute of limitations discussion.

Petitioner alleges the following grounds for relief in his § 2254 petition: (1) that his sentences and convictions were obtained in violation of Due Process, the North Carolina Constitution, "clearly established federal law," and the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution because his indictments were "multiplicitous" and "duplicitous"; (2) that his sentence is invalid under the Equal Protection Clause and Double Jeopardy Clause because he was convicted and sentenced for the same offense three times; (3) that his convictions were obtained through his inability to understand and communicate throughout the legal proceedings due to a language barrier; and (4) that he received ineffective assistance of counsel.

## II.  ANALYSIS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Because Petitioner pled guilty and was sentenced within the presumptive range, he had no

-3-

right to appeal.  Therefore, his case became final when Judge Evans entered judgment on September 25, 2007.  (Doc. No. 7-2 at 2); see also N.C. Gen. Stat. § 15A-1444(a1).  The statute of limitations then ran for 245 days until Petitioner filed his first MAR on May 27, 2008.  The one-year statute of limitations was then tolled during the pendency of the MAR proceedings.  See (28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  The MAR court denied Petitioner's MAR on September 2, 2008 and Petitioner filed a certiorari petition in the North Carolina Court of Appeals on October 9, 2008.  The statute continued to be tolled during the interim.  Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  The North Carolina Court of Appeals dismissed that petition as improperly filed on October 24, 2008, because Petitioner did not attach the necessary documents.  Assuming that petition counted as "properly filed" under AEDPA, Petitioner still had 120 days to file his federal habeas petition as of October 24, 2008.  That time expired on February 23, 2009.  Petitioner filed his first § 2254 petition in this Court on January 23, 2009, but federal habeas actions do not toll the limitations period.  Lawrence v. Florida, 549 U.S. 327, 342 (2007).  When the Court dismissed Petitioner's first § 2254, on April 1, 2009, Petitioner was already out of time to try again.  Petitioner did not file this latest § 2254 petition until January 18, 2011, long after his one-year clock expired.

Petitioner does not assert any ground for equitable tolling in his response brief, and the Court finds none on its own.  Accordingly, the petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1).

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

-4-

(1) Respondent's Motion to Dismiss on Statute of Limitations Grounds before Requiring a Full Response to the Merits of Petitioner's Claims (Doc. No. 6) is **GRANTED** and the petition is **DISMISSED** as time-barred.

Signed: February 1, 2012

Robert J. Conrad, Jr.
Chief United States District Judge